FILED
3/1/2023 2:21 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Kajuana Cook DEPUTY

NO. _____DC-23-02772_____

| | | |
|---|---|---|
| **MARISELA ABONZA**<br>Plaintiff,<br><br>V.<br><br>**FREEDOM FOREVER TEXAS, LLC,**<br>**FREEHOLD GROUP LLC, GREG**<br>**ALBRIGHT, individually & VIVINT,**<br>**INC.**<br><br>Defendants. | § § § § § § § § § § § § § § § | IN THE DISTRICT COURT<br><br>191st<br>_____ JUDICIAL DISTRICT<br><br><br>OF DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES** Marisela Abonza, hereinafter called Plaintiff, complaining of and about Freedom Forever Texas, LLC, hereinafter called Defendant, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2. Plaintiff, Marisela Abonza, is an Individual whose address is 639 Rutgers Dr., Lancaster, Texas 75134.

3. Defendant Freedom Forever Texas, LLC, a Nonresident Limited Liability Company, may be served with process by serving the registered agent of said company, Corporation Service Company d/b/a SCS-Lawyers Incorporating Service Company at 211 E. 7th Street Suite 620, Austin, Texas 78701, its registered office. Service of said Defendant as

PLAINTIFF'S ORIGINAL PETITION                                                                                                    Page 1 of 7

described above can be effected by personal delivery.

4. Defendant Freehold Group, LLC, a Nonresident Limited Liability Company, may be served with process by serving the registered agent of said company, Greg Albright, at 25819 Jefferson Ave, Suite 110, Murrieta CA 92562, its registered office.

5. Defendant Greg Albright, an individual who is a non-resident of Texas, may be served with process at 25819 Jefferson Ave, Suite 110, Murrieta, California 92562, or wherever he may be found.

6. Defendant Vivint Inc., a Nonresident Corporation, may be served with process by serving the registered agent of said company, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201, its registered office.

## JURISDICTION AND VENUE

7. The subject matter in controversy is within the jurisdictional limits of this Court.

8. Plaintiff seeks:

a. only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs.

9. This Court has jurisdiction over Defendants because said Defendants purposefully availed themselves of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

10. Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendant Freedom Forever Texas, LLC to the State of Texas, thereby conferring specific jurisdiction with respect to said Defendant.

11. Furthermore, Plaintiff would show that Defendant Freedom Forever Texas, LLC engaged in activities constituting business in the State of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant contracted with a Texas resident and performance of the agreement in whole or in part thereof was to occur in Texas.

12. Venue in Dallas County is proper in this cause pursuant to Section 17.56 of the Texas Business and Commerce Code and under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

13. On March 27, 2023, Plaintiff signed a contract to have Defendant install a solar system on Plaintiff's property at 639 Rutgers Dr., Lancaster, Texas 75134.

14. Plaintiff had a number of live oak trees in front and on the side of her home for privacy. Five of the trees were between six and ten years old and one tree was over twenty-five years old, Plaintiff was informed by Defendant that installation of the solar system would require the trees to be trimmed. Plaintiff confirmed prior to installation that the trees would only be trimmed and not totally removed. Plaintiff was told by an employee that Freedom Forever would contact her to discuss any trimming of the trees before it happened. However, Freedom Forever did not do so.

15. On Friday May 6, 2022, during installation Defendant employees removed the oldest of Plaintiff's trees by cutting it at the base. This removal was done without any prior communication to Plaintiff. Upon learning of this, Plaintiff called Defendant. Defendant told Plaintiff the order had been mistakenly put in incorrectly.

16. However, Defendant did not fix this mistake and the following Monday, May 9,

2022, Defendant employees returned to the property and removed five more trees by cutting them at the base.

## DECEPTIVE TRADE PRACTICES

17. Plaintiff would show that Defendant engaged in certain false, misleading, and deceptive acts, practices and/or omissions actionable under the Texas Deceptive Trade Practices - Consumer Protection Act (Texas Business and Commerce Code, Chapter 17.41, et seq.), as alleged herein below.

18. <u>Unconscionable Action or Course of Action</u>. Defendant engaged in an "unconscionable action or course of action" to the detriment of Plaintiff as that term is defined by Section 17.45(5) of the Texas Business and Commerce Code, by taking advantage of the lack of knowledge, ability, experience, or capacity of Plaintiff to a grossly unfair degree.

19. <u>Violations of Section 17.46(b)</u>. Defendant violated Section 17.46(b) of the Texas Business and Commerce Code, in that Defendant:

   (a) failed to disclose information concerning services which was known at the time of the transaction with the intention to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

20. <u>Producing Cause</u>. Plaintiff would show that the acts, practices and/or omissions complained of were the producing cause of Plaintiff's damages more fully described hereinbelow.

21. <u>Reliance</u>. Plaintiff would further show the acts, practices and/or omissions complained of under Section 17.46(b) of the Texas Business and Commerce Code were relied upon by Plaintiff to Plaintiff's detriment.

22. <u>Written Notice Given</u>. Plaintiff has timely notified Defendant of such complaint

pursuant to Section 17.505(a) of the Texas Business and Commerce Code by letter dated November 21, 2022, and would show compliance with all conditions precedent to the filing of this suit and recovery of additional damages and attorney's fees.

## COMMON LAW FRAUD

23. Plaintiff further shows that Defendant made material false representations to Plaintiff with the knowledge of their falsity or with reckless disregard of the truth with the intention that such representations be acted upon by Plaintiff, and that Plaintiff relied on these representations to her detriment.

24. Plaintiff would further show that Defendant concealed or failed to disclose material facts within the knowledge of Defendant, that Defendant knew that Plaintiff did not have knowledge of the same and did not have equal opportunity to discover the truth, and that Defendant intended to induce Plaintiff to enter into the transaction made the basis of this suit by such concealment or failure to disclose.

25. As a proximate result of such fraud, Plaintiff sustained the damages described more fully hereinbelow.

## NEGLIGENCE

26. In the course of the transactions between Plaintiff and Defendant, Defendant owed Plaintiff a duty to perform services in a good and workmanlike manner.

27. Plaintiff would show that Defendant failed to exercise ordinary care in performing such duty. The acts and/or omissions of Defendant described hereinabove by which Defendant breached such duty constitute a proximate cause of the damages of Plaintiff described more fully hereinbelow, for which Defendant is liable to Plaintiff.

## ECONOMIC AND ACTUAL DAMAGES

28. Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendant described hereinabove:

(a) Out-of-pocket expenses, including but not limited to clean up of property;

(b) Cost of replacement;

(c) Loss of aesthetic to her homestead land;

(d) Mental anguish for loss of beauty on property; and

(e) Loss of value to her property.

## MULTIPLE DAMAGES

29. Plaintiff would show that the false, misleading and deceptive acts, practices and/or omissions complained of herein were committed "knowingly" in that Defendant had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

30. Plaintiff further avers that such acts, practices, and/or omissions were committed "intentionally" in that Defendant specifically intended that Plaintiff act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness.

31. Therefore, Plaintiff is entitled to recover multiple damages as provided by 17.50(b)(1) of the Texas Business and Commerce Code.

## ATTORNEY'S FEES

32. Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) Section 17.50(d) of the Texas Business and Commerce Code; (b) Chapter 38 of the Texas Civil Practice and Remedies Code; and, (c) common law.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Marisela Abonza, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of

the cause, judgment be entered for the Plaintiff against Defendant for the economic and actual damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of the Court, together with prejudgment and postjudgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

Respectfully submitted,

Bohach Law Group, P.C.
17110 Dallas Parkway
Dallas, TX 75248
Tel. (214) 750-6300
Fax. (972) 735-8121

By: _____
Kari Bohach
Texas Bar No. 24075662
Email: kbohach@bsdslaw.com
Attorney for Plaintiff
Marisela Abonza